Brady, P. J.
The plaintiff claimed to have rendered services to the testatrix in procuring a lessee or lessees for certain premises owned by her, and for which he claimed to be entitled to receive $3,400. His statement was that he was authorized by her to rent the premises mentioned for $18,000 per annum. And it appears that he sought to accomplish that object by interviews with Mr. Mitchell, of the firm of Mitchell & Kinsler, with whom he had an interview oh the *660 subject. He saw Mr. Mitchell, he said, and told him the price, which was declared by Mr. Mitchell to be very high, but who said he wished to consider it and left him with .that understanding. He did not see Mr. Mitchell afterwards, however, for he died suddenly. After the death of Mr. Mitchell he called at the hotel and found there a person named Garault. He called upon the hotel folks, he said, to see if they would renew negotiations, after Mr. Mitchell’s death. ' He did not see anybody else, however, nor did he go back again. He merely left his address.
A motion having been made upon his testimony, the substantial portions of which have been given, to dismiss the complaint, the plaintiff called the defendant, Mrs. Blumenthal, as a witness. She positively denied that she had authorized him to negotiate the rental of the premises, stating that the person with whom she consulted had been for some time desirous of leasing them, and that she never told the plaintiff, at any time or in any way, that he might lease them for $18,000. And it appears that the premises were ultimately rented to Mrs. Mitchell and Kinsler for $17,000 a year, and it would seem, according to her testimony, through the instrumentality of Mr. Blumenthal, her husband, who commenced the negotiation for the lease of the premises, having advised her that she had better lease them.-
When this testimony had been given a motion was made for a non-suit upon the ground, amongst others, that the plaintiff had established by Iris own witness, namely, the testatrix, that he had not been employed for the purpose of renting the premises.
Upon the merits we are unable to discover anything to sustain the plaintiff’s claim. Assuming that he had the authority to rent the premises up to the time of Mr. Mitchell’s death, it is very clear that there was no acceptance of his offer, and it is equally clear that at no time did he secure a tenant at an annual rent of $18,000. And it seems to be established beyond all doubt by his own testimony that after the death of Mr. Mitchell he was not identified with the renting of the premises, because all he did was to caH at the hotel for the purpose of seeing whether the hotel people, as he calls them, would renew the negotiation for the leasing of the premises. What he undertook to do was to rent the premises at $18,000 a year. He did not accomplish this. And it appears from the testimony of his own witness, in addition to the facts already detailed, that the testatrix had conveyed the premises to her husband, who executed the lease, so that there was a change of ownership before the lease was executed.. We do not see, in any possible aspect of this case, how the learned judge presiding at *661 the trial could have done otherwise than to dismiss the complaint on the facts.
The judgment must be affirmed, with costs.
Daniels and Macombek, JJ., concur. .